1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

REVERGE ANSELMO and SEVEN
HILLS LAND AND CATTLE
COMPANY, LLC,

      Plaintiffs,               NO. CIV. 2:12-1422 WBS EFB

   v.

                        ORDER RE: MOTION TO CHALLENGE
RUSS MULL, LESLIE MORGAN, a    THE UNITED STATES' SCOPE OF
Shasta County Assessor-        EMPLOYMENT CERTIFICATION
Recorder, COUNTY OF SHASTA,
BOARD OF SUPERVISORS OF THE
COUNTY OF SHASTA, LES BAUGH
and GLEN HAWES,

      Defendants.
_____/

COUNTY OF SHASTA, and COUNTY
OF SHASTA, for the People of
the State of California,
Cross-Complainant,

      Cross-Complainant,

1        v.

2   REVERGE ANSELMO; SEVEN HILLS
3   LAND AND CATTLE COMPANY LLC;
    NANCY HALEY, MATTHEW RABE,
4   MATTHEW KELLEY, ANDREW
    JENSEN;
5   and DOES 1 THRU 50,

6                   Cross-Defendants.

7   _____/

8

9                       ----oo0oo----

10

11       Plaintiffs Reverge Anselmo and Seven Hills Land and

12  Cattle Company ("Seven Hills") filed an action in state court

13  against defendants Russ Mull, Leslie Morgan, Shasta County, the

14  Board of Supervisors of the County of Shasta ("Board of

15  Supervisors"), Les Baugh, and Glen Hawes, related to

16  defendants' allegedly wrongful interference with plaintiffs'

17  use of a portion of their land.  Shasta County brought third-

18  party claims seeking indemnification and contribution from

19  three employees of the United States Army Corps of Engineers

20  ("Army Corps"), and the action was removed to federal court.

21       Currently before the court is Shasta County's motion

22  to challenge the United States' certification of scope of

23  federal employment.  (Docket No. 17.)

24  I.  <u>Factual and Procedural Background</u>

25       Plaintiffs' lawsuit arose from a dispute between the

26  parties regarding grading carried out on plaintiffs' land.

27  Plaintiffs allege that county officials engaged in a variety of

28  improper behavior that interfered with plaintiffs' use of their

                                2

1  property, including issuing wrongful notices of grading

2  violations, (Third Am. Compl. ("TAC") ¶¶ 30, 40 (Docket No. 1,

3  Ex. B)), filing false reports with various officials and

4  agencies, (id. ¶¶ 23, 27), requiring an unnecessary

5  environmental impact study, (id. ¶¶ 44-47), and wrongfully

6  denying plaintiffs' application for a Williamson Act contract,

7  (id. ¶¶ 44, 49-58).

8          Plaintiffs further allege that as part of the county

9  officials' campaign against Anselmo, Andrew Jensen, an employee

10 of the California Regional Water Quality Control Board,[1]

11 attempted to intimidate Anselmo by soliciting governmental

12 agencies including the Army Corps to "obtain assertions of

13 violations of other laws" in order to "create a 'piling on'

14 condition" that would "deprive . . . SEVEN HILLS of its right

15 to hold and use real property" and violate Seven Hills'

16 constitutional rights under the Fifth and Fourteenth

17 Amendments.  (Id. ¶ 28.)

18         Shasta County filed a third-party complaint seeking

19 contribution from three employees of the Army Corps.  (Docket

20 No. 1 Ex. A.)  The United States then removed the action from

21 state court pursuant to 28 U.S.C. § 1442(a) and § 2679(d)(2),

22 (Docket No. 1), and certified under the Westfall Act, 28 U.S.C.

23

24         [1]   Plaintiffs named Jensen as a defendant in the action
25 originally filed in state court, but have since settled their
   claims against him.  (Shasta County's Req. for Judicial Notice Ex.
26 2 (Docket No. 24-1).)
           The court includes this fact by way of explanation only.
27 Because the court does not rely on either the Stipulation for
   Dismissal with Prejudice or the original complaint filed in state
28 court attached to Shasta County's Request for Judicial Notice, the
   court denies the request as moot.

1  § 2697, that the Army Corps employees were acting within the

2  scope and course of their employment at the time of the alleged

3  conduct, (Docket No. 3).  The United States was then

4  substituted in place of the Army Corps employees.  (Docket No.

5  4.)

6  II. <u>Discussion</u>

7          Pursuant to the Westfall Act, when a federal employee

8  is sued for wrongful or negligent conduct, the Attorney General

9  may certify that the employee was acting within the scope of

10  his office or employment.  <u>Osborn v. Haley</u>, 549 U.S. 225,

11  229-30 (2007).  Upon certification, the United States is

12  substituted as defendant in place of the employee and the

13  litigation is governed by the Federal Tort Claims Act ("FTCA").

14  <u>Id.</u>

15          The Attorney General's certification is subject to <u>de</u>

16  <u>novo</u> review in district court.  <u>Meridian Int'l Logistics, Inc.</u>

17  <u>v. United States</u>, 939 F.2d 740, 745 (9th Cir. 1991).

18  "[C]ertification is 'prima facie evidence that a federal

19  employee was acting in the scope of [his] employment at the

20  time of the incident.'"  <u>Pauly v. U.S. Dep't of Agric.</u>, 348

21  F.3d 1143, 1151 (9th Cir. 2003) (per curiam) (quoting <u>Billings</u>

22  <u>v. United States</u>, 57 F.3d 797, 800 (9th Cir. 1995)).  "[T]he

23  party seeking review bears the burden of presenting evidence

24  and disproving the Attorney General's decision to grant . . .

25  scope of employment certification by a preponderance of the

26  evidence."  <u>Green v. Hall</u>, 8 F.3d 695, 698 (9th Cir. 1993)

27  (citations omitted).

28          In reviewing a scope of federal employment

4

1   certification, the district court relies on "the principles of
2   respondeat superior as articulated in the law of the place
3   where the alleged tort occurred." Pelletier v. Fed. Home Loan
4   Bank of S.F., 968 F.2d 865, 875 (9th Cir. 1992).  In this case,
5   all of the events are alleged to have occurred in California.
6   Therefore, the relevant law is California law.

7        As the Ninth Circuit has noted, California "defines
8   the scope of employment very broadly." Doggett v. United
9   States, 875 F.2d 684, 687 (1984), rev'd on other grounds by
10  United States v. Olson, 546 U.S. 43, 44 (2005).  Under
11  California law, "[t]he key issue . . . is whether the act was
12  committed in the course of carrying out the employer's
13  business." Billings, 57 F.3d at 800 (citing Perez v. Van
14  Groningen & Sons, Inc., 41 Cal.3d 962, 967-69 (1986)).

15       The only evidence that Shasta County submits to show
16  that the employees acted outside the scope of their employment
17  are the allegations of plaintiffs' verified complaint.  Even if
18  the court were to find that it is appropriate to consider
19  plaintiffs' allegations as evidence, the allegations do not
20  contradict the certification.

21       All plaintiffs allege is that the Army Corps
22  "knowingly participated in [a] 'piling on' process," whereby
23  bureaucrats like Jensen ask their "bureaucrat associates at
24  other state, local and federal agencies to assert concurrent
25  and overlapping jurisdiction in order to drive persons such as
26  Plaintiffs into submission." The operative complaint says
27  nothing about the actions of the individual employees.  (TAC ¶¶
28  28-29.)  Without even a suggestion that the Army Corps

1  employees engaged in activities beyond their usual duties,
2  there is no indication that the Army Corps employees acted
3  outside the scope of their employment.  Accordingly, Shasta
4  County has not met its burden to produce evidence that
5  certification was improper.  See Jackson v. Tate, 648 F.3d 729,
6  732-33 (9th Cir. 2011) ("The United States . . . must remain
7  the federal defendant in the action unless and until the
8  District Court determines that the employee, in fact, and not
9  simply as alleged by the plaintiff, engaged in conduct beyond
10 the scope of his employment." (citation omitted, emphasis in
11 original)).

12         The real issue here, as the court sees it, seems to be
13 whether the use of the Westfall Act is even appropriate.  By
14 its terms, the statute does not apply when civil actions are
15 brought against federal employees "for a violation of the
16 Constitution of the United States, or . . . brought for a
17 violation of a statute of the United States under which such
18 action against an individual is otherwise authorized."  28
19 U.S.C. § 2679(2).  Section 1983 is one such statute.  The court
20 has been unable to locate, and no party has cited, any case
21 where a plaintiff brought claims against a defendant under §
22 1983, and the defendant then sought indemnification or
23 contribution from a federal employee as a joint tortfeasor.  It
24 does seem, nevertheless, that when a defendant in a § 1983
25 action brings indemnity and contribution claims against a
26 federal employee alleging that the employee also violated the
27 plaintiff's constitutional rights, the exception should apply.
28         In this case, however, there are no such allegations.

6

As mentioned above, all that plaintiffs allege is that the Army
Corps participated in the "piling on" of violations.  The TAC
contains no allegations regarding specific actions taken by the
individual Army Corps employees or any allegations that the
Army Corps or individual Army Corps employees violated
plaintiffs' rights.  In its Third-Party Complaint, Shasta
County merely repeats without agreeing with plaintiffs'
allegations regarding the "piling on," and adds that the
specific Army Corps employees "were involved in the inter-
agency enforcement actions" and that "[t]o the extent that any
such inter-agency conspiracy to deprive [plaintiffs']
constitutional rights existed, . . . [the employees] would have
participated in the conspiracy."  (Notice of Removal Ex. A.
("Third-Party Compl.") ¶¶ 32-33 (Docket No. 1).)

        First, if the term "pile on" is some kind of a term of
art which is supposed to suggest a conspiracy with state actors
to violate constitutional rights, it is a term with which the
court is not familiar and the dictionaries that the court has
consulted do not contain the term.  Second, hypothetical
statements about what would have occurred if there was a
conspiracy do not amount to plausible allegations that the Army
Corps employees were engaged in a conspiracy with state actors
to violate plaintiffs' constitutional rights.

        Neither plaintiffs nor Shasta County have alleged that
the Army Corps employees come within the § 2679(2) exception,
or any other exception, to the Westfall Act.  Accordingly, the
court will deny Shasta County's motion to challenge the United
States' certification of scope of federal employment.  If at

7

1  some point in time there is a plausible allegation that would

2  bring the federal employees within such exception to the

3  Westfall Act, Shasta County may bring a new motion.  Unless and

4  until that occurs, the United States will remain substituted in

5  place of the individual employees and the claims against the

6  individual employees will not be reinstated.

7        IT IS THEREFORE ORDERED that Shasta County's motion to

8  challenge the United States' certification of the scope of

9  federal employment be, and the same hereby is, DENIED WITHOUT

10 PREJUDICE.

11 DATED:   August 6, 2012

12

13

14        WILLIAM B. SHUBB
         UNITED STATES DISTRICT JUDGE

8