UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| REVERGE ANSELMO and SEVEN HILLS LAND AND CATTLE COMPANY, LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>RUSS MULL, LESLIE MORGAN, a Shasta County Assessor-Recorder, COUNTY OF SHASTA, BOARD OF SUPERVISORS OF THE COUNTY OF SHASTA, LES BAUGH and GLEN HAWES,<br><br>    Defendants.<br>_____/<br>COUNTY OF SHASTA, and COUNTY OF SHASTA, for the People of the State of California, Cross-Complainant,<br><br>    Cross-Complainant,<br><br>    v. | NO. CIV. 2:12-1422 WBS EFB<br><br>ORDER RE: MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION |

```
 1  REVERGE ANSELMO; SEVEN HILLS
    LAND AND CATTLE COMPANY LLC;
 2  NANCY HALEY, MATTHEW RABE,
    MATTHEW KELLEY, ANDREW
 3  JENSEN;
    and DOES 1 THRU 50,
 4
                    Cross-Defendants.
 5  _____/
 6
 7
 8                       ----oo0oo----
 9         Plaintiffs Reverge Anselmo and Seven Hills Land and
10  Cattle Company ("Seven Hills") filed an action in state court
11  against defendants Russ Mull, Leslie Morgan, Shasta County, the
12  Board of Supervisors of the County of Shasta ("Board of
13  Supervisors"), Les Baugh, and Glen Hawes, related to
14  defendants' allegedly wrongful interference with plaintiffs'
15  use of a portion of their land.  Shasta County brought third-
16  party claims seeking indemnification and contribution from
17  three employees of the United States Army Corps of Engineers
18  ("Army Corps"), and the action was removed to federal court.
19         Currently before the court is the United States'
20  motion to dismiss for failure to state a claim pursuant to
21  Federal Rule of Civil Procedure 12(b)(1).  (Docket No. 8.)
22  I.   Factual and Procedural Background
23         Plaintiffs' lawsuit arose from a dispute between the
24  parties regarding grading carried out on plaintiffs' land.
25  Plaintiffs allege that county officials engaged in a variety of
26  improper behavior that interfered with plaintiffs' use of their
27  property, including issuing wrongful notices of grading
28  violations, (Third Am. Compl. ("TAC") ¶¶ 30, 40 (Docket No. 1,
```

1  Ex. B)), filing false reports with various officials and
2  agencies, (id. ¶¶ 23, 27), requiring an unnecessary
3  environmental impact study, (id. ¶¶ 44-47), and wrongfully
4  denying plaintiffs' application for a Williamson Act contract,
5  (id. ¶¶ 44, 49-58).
6       Shasta County filed a third-party complaint seeking
7  contribution from three employees of the Army Corps.  (Docket
8  No. 1 Ex. A.)  The United States then removed the action from
9  state court pursuant to 28 U.S.C. § 1442(a) and § 2679(d)(2),
10 (Docket No. 1), and certified under the Westfall Act, 28 U.S.C.
11 § 2697, that the Army Corps employees were acting within the
12 scope and course of their employment at the time of the alleged
13 conduct, (Docket No. 3).  The United States was then
14 substituted in place of the Army Corps employees.  (Docket No.
15 4.)
16      II.  Discussion
17           Federal Rule of Civil Procedure 12(b)(1) authorizes a
18 court to dismiss claims over which it lacks subject matter
19 jurisdiction.  The court may determine jurisdiction on a motion
20 to dismiss for lack of jurisdiction under Rule 12(b)(1) so long
21 as "the jurisdictional issue is [not] inextricable from the
22 merits of a case."  Kingman Reef Atoll Invs., L.L.C. v. United
23 States, 541 F.3d 1189, 1195 (9th Cir. 2008).  The moving party
24 "should prevail [on a motion to dismiss] only if the material
25 jurisdictional facts are not in dispute and the moving party is
26 entitled to prevail as a matter of law."  Casumpang v. Int'l
27 Longshoremen's & Warehousemen's Union, 269 F.3d 1042, 1060-61
28 (9th Cir. 2001) (internal quotation marks omitted).

Although the United States is the party that removed the proceeding to federal court pursuant to § 1442(a) and § 2697(d)(2), it now argues that the court must dismiss the proceeding for lack of subject matter jurisdiction under the doctrine of derivative jurisdiction.

The position taken by the United States Attorney is inconsistent with whole purpose and history of the Westfall Act. See Gutierrez de Martinez v. Lamagno, 515 U.S. 417, 421-26 (1995); Nasuti v. Scannell, 906 F.2d 802, 803-04 (1st Cir. 1990), abrogated by Osborn v. Haley, 549 U.S. 225 (2007). If every action removed pursuant to § 1442(a) and § 2697(d)(2) were subject to dismissal because it was not properly brought in the state court, no case removed under the Westfall Act could ever survive in federal court. That clearly was not what Congress intended in passing the Act.

Indeed, the Westfall Act itself states that "any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States." 28 U.S.C. § 2679(d)(2) (emphasis added). Such language suggests that Congress foresaw that suits brought against federal employees arising out of allegedly tortious actions would be brought in state court and removed to federal court as a matter of course.[1]

---

[1] There may be a few lower court cases in which courts dismissed a case removed under the Westfall Act for lack of subject matter jurisdiction under the derivative jurisdiction doctrine. See e.g., Barnaby v. Quintos, 410 F. Supp. 2d 142 (S.D.N.Y. 2005); Johnson v. Dylong, No. 90 C 0075, 1990 WL 37143 (N.D. Ill. Mar. 20, 1990). Such cases, however, are contrary to the great weight of authority, see, e.g., Osborn, 549 U.S. 225 (mandating that federal

1    IT IS THEREFORE ORDERED that the United States' motion
2 to dismiss pursuant to 12(b)(1) be, and the same hereby is,
3 DENIED.
4 DATED:  August 6, 2012

*[signature: William B. Shubb]*
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

court retain jurisdiction over claim alleging tortious actions by a federal employee that was originally filed in state court and then removed to federal court under the Westfall Act), and contrary to the interests of justice.