UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| REVERGE ANSELMO and SEVEN HILLS LAND AND CATTLE COMPANY, LLC,<br><br>        Plaintiffs,<br><br>    v.<br><br>RUSS MULL, LESLIE MORGAN, a Shasta County Assessor-Recorder, COUNTY OF SHASTA, BOARD OF SUPERVISORS OF THE COUNTY OF SHASTA, LES BAUGH and GLEN HAWES,<br><br>        Defendants.<br>_____/<br>COUNTY OF SHASTA, and COUNTY OF SHASTA, for the People of the State of California, Cross-Complainant,<br><br>        Cross-Complainant, | NO. CIV. 2:12-1422 WBS EFB<br><br><u>ORDER RE: MOTION TO DISMISS</u><br><u>FOR FAILURE TO STATE A CLAIM</u> |

|   |   |
|---|---|
| 1 | v. |
| 2 | REVERGE ANSELMO; SEVEN HILLS |
| 3 | LAND AND CATTLE COMPANY LLC; |
|   | NANCY HALEY, MATTHEW RABE, |
| 4 | MATTHEW KELLEY, ANDREW |
| 5 | JENSEN; |
|   | and DOES 1 THRU 50, |
| 6 |   |
| 7 | Cross-Defendants. |
|   | _____/ |

----oo0oo----

Plaintiffs Reverge Anselmo and Seven Hills Land and Cattle Company ("Seven Hills") filed an action in state court against defendants Russ Mull, Leslie Morgan, Shasta County, the Board of Supervisors of the County of Shasta ("Board of Supervisors"), Les Baugh, and Glen Hawes, related to defendants' allegedly wrongful interference with plaintiffs' use of a portion of their land.  Shasta County brought third-party claims seeking indemnification and contribution from three employees of the United States Army Corps of Engineers ("Army Corps"), and the action was removed to federal court.

Currently before the court is the United States' motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Docket No. 8.)

I.  Factual and Procedural Background

Plaintiffs' lawsuit arose from a dispute between the parties regarding grading carried out on plaintiffs' land. Plaintiffs allege that county officials engaged in a variety of improper behavior that interfered with plaintiffs' use of their property, including issuing wrongful notices of grading

2

violations, (Third Am. Compl. ("TAC") ¶¶ 30, 40 (Docket No. 1, Ex. B)), filing false reports with various officials and agencies, (id. ¶¶ 23, 27), requiring an unnecessary environmental impact study, (id. ¶¶ 44-47), and wrongfully denying plaintiffs' application for a Williamson Act contract, (id. ¶¶ 44, 49-58).

Plaintiffs further allege that as part of the county officials' campaign against Anselmo, Andrew Jensen, an employee of the California Regional Water Quality Control Board,[1] attempted to intimidate Anselmo by soliciting governmental agencies including the Army Corps to "obtain assertions of violations of other laws" in order to "create a 'piling on' condition" that would "deprive . . . SEVEN HILLS of its right to hold and use real property" and violate Seven Hills' constitutional rights under the Fifth and Fourteenth Amendments. (Id. ¶ 28.)

Shasta County filed a third-party complaint seeking contribution from three employees of the Army Corps. (Docket No. 1 Ex. A.) The United States then removed the action from state court pursuant to 28 U.S.C. § 1442(a) and § 2679(d)(2), (Docket No. 1), and certified under the Westfall Act, 28 U.S.C. § 2697, that the Army Corps employees were acting within the

---

[1] Plaintiffs named Jensen as a defendant in the action originally filed in state court, but have since settled their claims against him. (Shasta County's Req. for Judicial Notice Ex. 2 (Docket No. 24-1).)
   The court includes this fact by way of explanation only. Because the court does not rely on either the Stipulation for Dismissal with Prejudice or the original complaint filed in state court attached to Shasta County's Request for Judicial Notice, the court denies the request as moot.

3

1 scope and course of their employment at the time of the alleged
2 conduct, (Docket No. 3).  The United States was then
3 substituted in place of the Army Corps employees.  (Docket No.
4 4.)
5       II.  <u>Discussion</u>
6       To survive a motion to dismiss under Rule 12(b)(6), a
7 plaintiff must plead "only enough facts to state a claim to
8 relief that is plausible on its face."  <u>Bell Atl. Corp. v.
9 Twombly</u>, 550 U.S. 544, 570 (2007).  This "plausibility
10 standard," however, "asks for more than a sheer possibility
11 that a defendant has acted unlawfully," <u>Ashcroft v. Iqbal</u>, 556
12 U.S. 662, 678 (2009), and "[w]here a complaint pleads facts
13 that are 'merely consistent with' a defendant's liability, it
14 'stops short of the line between possibility and plausibility
15 of entitlement to relief.'"  <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at
16 557).  In deciding whether a plaintiff has stated a claim, the
17 court must accept the allegations in the complaint as true and
18 draw all reasonable inferences in favor of the plaintiff.
19 <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974), <u>overruled on other
20 grounds by</u> <u>Davis v. Scherer</u>, 468 U.S. 183 (1984); <u>Cruz v. Beto</u>,
21 405 U.S. 319, 322 (1972).
22       Under California's equitable indemnity doctrine,
23 indemnity and contribution are subject to the limitations on
24 liability that would otherwise be available against the injured
25 party.  <u>Prince v. Pac. Gas & Elec. Co.</u>, 45 Cal. 4th 1151, 1158
26 (2009).  The claims on which Shasta County seeks contribution
27 are § 1983 claims that could not be successfully brought
28 against the United States.  <u>Jachetta v. United States,</u> 653 F.3d

4

898, 908 (9th Cir. 2011); Accardi v. United States, 435 F.2d 1239, 1240 (3d Cir. 1970). Accordingly, the court must grant the United States' motion to dismiss for failure to state a claim.[2]

IT IS THEREFORE ORDERED that the United States' motion to dismiss pursuant to 12(b)(6) be, and the same hereby is, GRANTED.

Shasta County has twenty days from the date of this Order to file an amended complaint, if it can do so consistent with this Order.

DATED:   August 6, 2012

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[2] In denying Shasta County's motion to challenge the certification that the Army Corps employees were acting in the scope of their employment, the court recognized that if the claims brought against them were not subject to the Westfall Act, it would theoretically be possible for Shasta County to sue the Army Corps employees in their individual capacity for contribution or indemnity on the § 1983 claims brought against the county. That question is not presently before the court.