UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

REVERGE ANSELMO and SEVEN HILLS LAND AND CATTLE COMPANY, LLC,

    Plaintiffs,

v.

RUSS MULL, LESLIE MORGAN, a Shasta County Assessor-Recorder, COUNTY OF SHASTA, BOARD OF SUPERVISORS OF THE COUNTY OF SHASTA, LES BAUGH and GLEN HAWES,

    Defendants.
_____/

COUNTY OF SHASTA, AND COUNTY OF SHASTA, for the People of the State of California,

    Cross-Complainant,

v.

REVERGE ANSELMO; SEVEN HILLS LAND AND CATTLE COMPANY LLC; NANCY HALEY; MATTHEW RABE; MATTHEW KELLEY; ANDREW JENSEN; and ROES 1 THRU 50,

NO. CIV. 2:12-1422 WBS EFB

ORDER

1

```
                  Cross-Defendants.
                                              /

REVERGE ANSELMO; SEVEN HILLS
LAND AND CATTLE COMPANY LLC;

          Counter-Claimants,

     v.

COUNTY OF SHASTA, and COUNTY
OF SHASTA, for the People of
the State of California,

          Counter-Defendants.
                                              /

COUNTY OF SHASTA, and COUNTY
OF SHASTA, for the People of
the State of California,

          Counter-Claimants,

     v.

REVERGE ANSELMO; SEVEN HILLS
LAND AND CATTLE COMPANY LLC;

          Counter-Defendants.
                                              /
```

----oo0oo----

This action was removed from Shasta County Superior Court on May 25, 2012 and included, in plaintiffs' Third Amended Complaint ("TAC"), claims under 42 U.S.C. § 1983 based on defendants' allegedly wrongful interference with plaintiffs' use of their land. (Notice of Removal, Ex. B (Docket No. 1-2).)[1]

---

[1] The removed action also included Shasta County's First Amended Cross-Complaint ("FACC"), which brought crossclaims against plaintiffs alleging public nuisance and violation of California's Unfair Competition Law ("UCL"), California Business and Professions Code §§ 17200, for a set of structures on plaintiffs' property. (Notice of Removal, Ex. A (Docket No. 1-1).)
    The FACC also brought third-party claims seeking contribution and indemnity from employees of the Army Corps of

2

On November 14, 2012, plaintiffs filed counterclaims against Shasta County seeking declaratory relief regarding the restaurant, winery, and land's compliance with various Shasta County Codes and use permits, Shasta County's failure to provide administrative hearings on permit applications under county and state law, and plaintiffs' compliance with their Williamson Act Contract. (Docket No. 99-1.) In response, Shasta County filed another set of counterclaims against plaintiffs on December 5, 2012, alleging public nuisance and violations of California's Unfair Competition Law ("UCL"), California Business and Professions Code §§ 17200, for new buildings under construction. (Docket No. 102.)

Courts have discretion to consider sua sponte whether to continue exercising supplemental jurisdiction over state law claims. See Acri v. Varian Assocs., Inc., 114 F.3d 999, 1003 n.3 (9th Cir. 1997) (en banc). Section 1367(c)(2) authorizes a district court to decline to exercise supplemental jurisdiction when state claims "substantially predominate[] over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2).

Where "the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or

---

Engineers on plaintiffs' § 1983 claims, and the United States removed the action from state court by certifying that the employees were acting within the scope and course of their employment under the Westfall Act, 28 U.S.C. § 2679. (Docket Nos. 1 & 3.) The United States was substituted in place of the Army Corps employees, (Docket No. 4), but the claims against the United States were dismissed with prejudice on September 24, 2012, (Docket Nos. 58 & 95.)

3

of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).  "Generally, a district court will find substantial predomination 'where a state claim constitutes the real body of a case, to which the federal claim is only an appendage--only where permitting litigation of all claims in the district court can accurately be described as allowing a federal tail to wag what is in substance a state dog.'" De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 309 (3d Cir. 2003) (quoting Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 789 (3d Cir. 1995)).

"[T]he issue of whether pendent jurisdiction has been properly assumed is one which remains open throughout the litigation." Gibbs, 383 U.S. at 727.  "Once it appears that a state claim constitutes the real body of a case . . . the state claim may fairly be dismissed." Id.  "'District courts [should] deal with cases involving pendent claims in the manner that best serves the principles of economy, convenience, fairness, and comity which underlie the pendant jurisdiction doctrine.'" City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 172-73 (1997) (alteration in original) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988)).  "A district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate." Carnegie-Mellon, 484 U.S. at 357.

Here, the court has jurisdiction over this action under

4

§ 1331 based on plaintiffs' § 1983 claims and has been exercising supplement jurisdiction over the state law claims. It has become apparent, however, that the increasing number and complexity of state law claims are substantially predominating this case, calling upon the court to construe various local and state ordinances and procedures related to plaintiffs' property use. The scope of the litigation has expanded considerably from the determination of whether defendants' actions constituted deprivations of the plaintiffs' First, Fifth, and Fourteenth Amendment rights under § 1983. The parties now seek declaratory judgment[2] on a variety of state law matters that are beyond the scope of plaintiffs' original allegations and continue to bring claims based on actions occurring after late 2008--the approximate date of the final factual allegation in the TAC. Plaintiffs' § 1983 claims, now lurking behind the expanding state law issues, are merely the "federal tail [that] wag[s] what is in

---

[2] The court does not exercise federal question jurisdiction over the plaintiffs' counterclaims seeking declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201. (Docket No. 99-1.) In passing the Declaratory Judgment Act, "Congress enlarged the range of remedies available in federal courts but did not extend their jurisdiction." Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950) (quotation marks and citation omitted). "It is well settled that Declaratory Judgment Act does not itself confer federal subject matter jurisdiction, but merely provides an additional remedy in cases where jurisdiction is otherwise established." Staacke v. U.S. Sec'y of Labor, 841 F.2d 278, 280 (1988).
   Here, the claims upon which plaintiffs seek declaratory relief do not give rise to federal question jurisdiction, nor do the parties contend that this case involves diversity jurisdiction under 28 U.S.C. § 1332.

substance a state dog."[3] De Asencio, 342 F.3d at 309; accord W. Coast, Inc. v. Snohomish Cnt'y, 33 F. Supp. 2d 924, 925 (W.D. Wash. 1999).

Remanding the parties' state law claims will serve the principles of economy, convenience, fairness, and comity. The court is spending an increasing amount of its scarce judicial resources on plaintiffs' state law claims, even as those claims have an increasingly tenuous relationship with plaintiffs' § 1983 claims over which the court is vested original jurisdiction. As plaintiffs have persuasively argued, this court is now inundated with purely state and local law issues that state courts routinely and competently handle.

Other than dismissing contribution and indemnity claims related to plaintiffs' § 1983 claim, the court has yet to issue any dispositive orders regarding the parties' state law claims and has denied a preliminary injunction as to those claims. (Docket No. 96.) The court's decision also does not conflict with § 2679(d)(2)'s aim of "'foreclos[ing] needless shuttling of a case from one court to another.'" Osborn v. Haley, 549 U.S. 225, 242 (2007) (quoting Gutierrez de Martinez v. Lamagno, 515 U.S. 417, 433 n.10 (1995)). By retaining jurisdiction over the § 1983 claims that formed the basis for the Westfall Act

---

[3] To the extent the parties' state law claims share a common nucleus of operative fact with Shasta County's dismissed third-party claims for indemnity and contribution which implicate the Westfall Act, the court finds that the state law claims also predominate over those third-party claims. See Osborn, 549 U.S. at 245 ("Even if only state-law claims remained after resolution of the federal question [of whether defendant has Westfall Act immunity], the District Court would have discretion, consistent with Article III, to retain jurisdiction.")

6

certification of Army Corps employees for indemnity and contribution, should any further disputes over Westfall Act certification arise, the dispute will be handled in this court.

Accordingly, while the court continues to exercise original jurisdiction over the plaintiffs' § 1983 claims in the TAC, the court declines to exercise supplemental jurisdiction over the parties' state law claims. The court, therefore, will remand those claims to Shasta County Superior Court.[4]

IT IS THEREFORE ORDERED that the first and second crossclaims brought by Shasta County in its First Amended Cross-Complaint, (Docket No. 1-1), all counterclaims filed by plaintiffs on November 14, 2012, (Docket No. 99), and all counterclaims filed by Shasta County on December 5, 2012, (Docket No. 102), be, and the same hereby are, REMANDED to the Superior Court of the State of California in and for the County of Shasta.[5]

DATED:  March 15, 2013

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[4] The court recognizes that plaintiffs' counterclaims filed on November 14, 2012, (Docket No. 99), and Shasta County's counterclaims filed on December 5, 2012, (Docket No. 102), were filed subsequent to the removal of the action. The court nonetheless finds it appropriate to remand claims. See Contemporary Servs. Corp. v. Hartman, Civ. No. 08-02967 AHM (JWJx), 2008 WL 3049891, at *5 (S.D. Cal. Aug. 4, 2008) (remanding state law counterclaims brought subsequent to removal when declining supplemental jurisdiction under § 1367(c)(2)).

[5] Since the court declines to exercise supplemental jurisdiction over the claims forming the basis of Shasta County's motion for a preliminary injunction, (Docket No. 104), that motion is denied without prejudice as moot.