UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| REVERGE ANSELMO and SEVEN HILLS LAND AND CATTLE COMPANY, LLC, <br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>RUSS MULL, LESLIE MORGAN, a Shasta County Assessor-Recorder, COUNTY OF SHASTA, BOARD OF SUPERVISORS OF THE COUNTY OF SHASTA, LES BAUGH and GLEN HAWES,<br><br>　　　　Defendants.<br>_____/<br>COUNTY OF SHASTA, AND COUNTY OF SHASTA, for the People of the State of California,<br><br>　　　　Cross-Complainant,<br><br>　　v.<br><br>REVERGE ANSELMO; SEVEN HILLS LAND AND CATTLE COMPANY LLC; NANCY HALEY; MATTHEW RABE; MATTHEW KELLEY; ANDREW JENSEN; and DOES 1 THRU 50,<br><br>　　　　Cross-Defendants. | NO. CIV. 2:12-1422 WBS EFB<br><br><u>ORDER RE: MOTIONS FOR PARTIAL SUMMARY JUDGMENT</u> |

1

```
                                        /
REVERGE ANSELMO; SEVEN HILLS
LAND AND CATTLE COMPANY LLC;

             Counter-Claimants,

       v.

COUNTY OF SHASTA, and COUNTY
OF SHASTA, for the People of
the State of California,

             Counter-Defendants.
                                        /
COUNTY OF SHASTA, and COUNTY
OF SHASTA, for the People of
the State of California,

             Counter-Claimants,

       v.

REVERGE ANSELMO; SEVEN HILLS
LAND AND CATTLE COMPANY LLC;

             Counter-Defendants.
                                        /
```

----oo0oo----

Plaintiffs Reverge Anselmo and Seven Hills Land and Cattle Company ("Seven Hills") have brought this suit against defendants Ross Mull, Leslie Morgan, Les Baugh, Glen Hawes, County of Shasta ("Shasta County"), and the Board of Supervisors of the County of Shasta ("Board") related to defendants' actions surrounding the issuance of a Williamson Act contract and enforcement of a grading ordinance. Plaintiffs allege violations of 42 U.S.C. § 1983 and seek injunctive relief through a writ of mandate. (Notice of Removal Ex. B ("TAC") (Docket No. 1-2).) Presently before the court are plaintiffs' motions for partial

summary judgment.  (Docket Nos. 120, 121.)[1]

The legal bases for plaintiffs' motions are unclear. In one motion, plaintiffs request that the court find that the defendant owed Seven Hills a "duty to approve a Williamson Act contract" and breached that duty or, alternatively, that Board's vote on December 16, 2008 "constituted approval of execution of such a Contract as of that date."  (Pls.' Mot. for Partial Summ. J. Re: Williamson Act ("Williamson Act MSJ") at 6:12-22 (Docket No. 121-2).)[2]  Seven Hills contends that, should the court find that defendants owed it a duty to grant a Williamson Act contract, "the question of whether the failure to comply with this duty by the County and its officers amounts to a violation of 42 U.S.C. [§] 1983 will still remain for the jury and Court to resolve."  (Id. at 6:15-17.)

In the other motion, plaintiffs "seek[] to eliminate a

---

[1] In its March 18, 2013 Order, the court declined to exercise supplemental jurisdiction over a variety of state law cross-claims and counter-claims.  (Docket No. 117.)  The claims for violation of § 1983 and injunctive relief in the Third Amended Complaint ("TAC") are the only remaining claims in this case.

[2] "The Williamson Act is a legislative effort to preserve agricultural and open space land and discourage premature urban development."  County of Humboldt v. McKee, 165 Cal. App. 4th 1476, 1487 (1st Dist. 2008) (citing Cal. Gov't Code § 51220). "It authorizes local governments to establish 'agricultural preserve[s],' which consist of lands devoted to agricultural and compatible uses."  Id. (alteration in original) (citing Cal. Gov't Code § 51230).  "Upon establishment of such preserves, the locality may offer to owners of included agricultural land the opportunity to enter into annually renewable contracts that restrict the land to open space use for at least [ten] years." Sierra Club v. City of Hayward, 28 Cal. 3d 840, 851 (1981) (citing Cal. Gov't Code §§ 51240, 51242, 51244).  "In return, the landowner is guaranteed a relatively stable tax base, founded on the value of the land for open space use only and unaffected by its development potential."  Id.

defense likely to be asserted by the County and individual defendants that their actions or inactions were not violative of the constitutional rights of plaintiffs." (Pls.' Reply in Supp. of Mot. for Partial Summ. J. Re: Grading Ordinance ("Ordinance MSJ") at 2:5-7 (Docket No. 128).) Specifically, plaintiffs request partial summary judgment barring defendants from asserting, as a defense to a § 1983 claim, that plaintiffs violated a grading ordinance when conducting work on plaintiffs' property. (Ordinance MSJ at 1:25-2:4 (Docket No. 120-1).)

With regard to the Williamson Act MSJ, plaintiffs' briefs sometimes imply that Seven Hills' Fourteenth Amendment due process rights were infringed when it was deprived of a constitutionally protected property interest. (Williamson Act MSJ at 7:18-21, 10:1-4.) At other points plaintiffs appear to contend that the motion is based on deprivation of a Fourteenth Amendment right to equal protection. (See id. at 10:6-8, 14:19-28; Pls.' Reply in Supp. of Williamson Act MSJ at 6:5-6, 12:5-7). Likewise with regard to the Ordinance MSJ, the court cannot determine what constitutional right plaintiffs allege was infringed by defendants' actions regarding the grading ordinance. Without a clear statement of the constitutional right at issue, the court cannot even begin to analyze whether defendants' hypothetical defense to plaintiffs' § 1983 claim fails as a matter of law.

The Third Amended Complaint's ("TAC") § 1983 claim alleges both due process an equal protection violations, (Third Am. Compl. ("TAC") ¶¶ 60.0(1) & (4)). Yet, plaintiffs' briefs do not cite a single §1983 case by a federal court to guide this

4

court's analysis.[3]  Plaintiffs fail to explain whether they are asserting an independent claim for a writ of mandate under sections 1085 and the William Act statute--if such a claim is even cognizable in federal courts, see Hill v. County of Sacramento, 466 F. App'x 577, 579 (9th Cir. 2012) ("[Section] 1085 authorizes only state courts to issue writs of mandate.")--or whether they are simply seeking prospective injunctive relief under § 1983.  The TAC fails to clarify the issue, as plaintiffs' second claim is entitled "Writ of Mandate and Injunction to Prohibit Future Violations of 42 U.S.C. 1983 and to Enforce Other Statutory Requirements."  (Docket No. 1-2.)

"Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271 (1994) (plurality opinion) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)).  "The first step in any such claim is to identify the specific constitutional right allegedly infringed." Id. (citations omitted).  Evaluating plaintiffs' motions under the standard set forth in Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), and Celotex Corp. v. Catrett,

---

[3] The majority of the cases cited by plaintiff are state law cases involving writs of mandate issued under California Code of Civil Procedure section 1085.  See, e.g., Schram Const. Inc. v. Regents of the Univ. of Cal., 187 Cal. App. 4th 1040, 1051 (1st Dist. 2010); SN Sands Corp. v. City and County of San Francisco, 167 Cal. App. 4th 185, 191 (1st Dist. 2008).  Section 1085 provides that "[a] writ of mandate may be issued by any court to any inferior tribunal, corporation, board, or person, to compel the performance of an act which the law specifically enjoins . . . or to compel the admission of a party to the use and enjoyment of a right or office to which the party is entitled."  Cal. Code Civ. Procedure § 1085.

5

477 U.S. 317 (1986), because plaintiffs have failed to identify a specific constitutional right forming the bases of the § 1983 claims upon which they seek partial summary judgment, their motions for partial summary judgment must accordingly be denied.[4]

Without a clear explanation of the constitutional rights at the base of plaintiffs' motions, the court would simply be speculating as to the specific issues to be resolved, which would likely lead to later argument that the court misunderstood plaintiffs' motions. Furthermore, the dispositive motion deadline is still six weeks away. (Docket No. 117.) Even if the court granted plaintiffs the relief they seek, plaintiffs might then file another motion seeking summary judgment on the remaining issues in their § 1983 claims. Thus, addressing plaintiffs' specific arguments regarding the Williamson Act statutory scheme and the statute of limitations for a grading ordinance violation at this time would not "be conducive to the conservation of judicial resources and of benefit to the parties." Bruschini, 911 F. Supp. at 106.

IT IS THEREFORE ORDERED that plaintiffs' motions for partial summary judgment be, and the same hereby are, DENIED.

DATED: July 30, 2013

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[4] Because plaintiffs' motions fail to identify the specific constitutional right at issue, the court makes no finding regarding the merits of plaintiffs' § 1983 claims.

6